IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JAMES HALL,                              )
                                         )
            Plaintiff,                   )
                                         )
v.                                       )        Case No. CIV-20-567-C
                                         )
PROGRESSIVE NORTHERN                     )
INSURANCE COMPANY,                       )
                                         )
            Defendant.                   )

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff was involved in an automobile collision on October 31, 2016. The tortfeasor in that collision was underinsured to address the injuries Plaintiff allegedly suffered as a result of the collision. Plaintiff then made demand on Defendant who provided some underinsured motorist ("UIM") coverage, but not enough to satisfy Plaintiff. After the parties were unable to resolve the UIM claims, Plaintiff filed a state court action raising claims for breach of contract, bad faith, and intentional infliction of emotional distress ("IIED"). Defendant removed this case and filed the present Motion for Partial Judgment on the Pleadings premised on Fed. R. Civ. P. 12(c). According to Defendant, it is entitled to judgment on the pleadings as to Plaintiff's IIED claim.

The standard for consideration of motions for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) follows that outlined in deciding motions brought pursuant to Fed. R. Civ. P. 12(b)(6). The standard is set forth in the Supreme Court's decision in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007), and the subsequent decision in <u>Ashcroft</u>

v. Iqbal, 556 U.S. 662 (2009).  In those cases, the Supreme Court made clear that to survive a motion to dismiss, a pleading must contain enough allegations of fact which, when taken as true, "state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570. Plaintiffs must "nudge[] their claims across the line from conceivable to plausible" to survive a motion to dismiss.  Id.  Thus, the starting point in resolving Defendant's Motion is to examine the factual allegations supporting the claim Defendant wishes the Court to dismiss.  The Court will accept all well-pleaded factual allegations in the pleadings as true and construe them in the light most favorable to the nonmoving party.  Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010).  However, conclusory allegations need not be accepted as true.  Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011).

Plaintiff's IIED claim is premised on Defendant's conduct in evaluating his UIM claim.  Specifically, Plaintiff notes a letter sent by Defendant's counsel to Plaintiff's counsel.  That letter followed an Examination Under Oath where Plaintiff noted that he was struggling to obtain documentation to support his loss of income claims.  Plaintiff also noted that he was perhaps behind on filing income tax returns.  The letter sent by Defendant's counsel referenced these facts.  In his response, Plaintiff argues the only valid explanation for the letter was to menace and/or scare him into submission.  On this basis rests Plaintiff's IIED claim.

The elements of an IIED claim are "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe."  Computer Publ'ns, Inc. v. Welton, 2002 OK 50, ¶ 7, 49 P.3d 732, 735.  The trial

2

court is charged with acting as gatekeeper in regard to the outrageousness of defendant's conduct. In fact, "[o]nly when it is found that reasonable people would differ in an assessment of this central issue may the tort of [IIED] be submitted to the jury." Miller v. Miller, 1998 OK 24, ¶ 34, 956 P.2d 887, 901. To meet his burden, Plaintiff must show that "the recitation of defendant's conduct to an average member of the community would arouse the listener's resentment against the defendant and would lead the listener to exclaim 'Outrageous!'" Welton, 2002 OK 50, ¶ 9, 49 P.3d at 735.

The Court finds that the allegations set forth in Plaintiff's Petition fail to assert facts sufficient to support elements 2 or 4. While Plaintiff has raised allegations under which Defendant's conduct could be considered distasteful, boorish, or lacking in common courtesy, he has not pled facts showing the conduct was so extreme and outrageous as to be beyond all possible bounds of decency. See Eddy v. Brown, 1986 OK 3, ¶ 7, 715 P.2d 74, 77:

> Conduct which, though unreasonable, is neither "beyond all possible bounds of decency" in the setting in which it occurred, nor is one that can be "regarded as utterly intolerable in a civilized community," falls short of having actionable quality. Hurt feelings do not make a cause of action under the tort-of-outrage rubric.

Even if the Court found a reasonable person would find Defendant's conduct outrageous, Plaintiff has wholly failed to allege any facts to demonstrate he suffered emotional distress or that any such distress was severe. What constitutes severe emotional distress is restricted. In Zeran v. Diamond Broad., Inc., 203 F.3d 714, 720 (10th Cir. 2000), the Tenth Circuit upheld the district court's finding of no IIED claim where the plaintiff

had suffered anxiety attacks, received threatening and abusive telephone calls, sought medical care, and began taking a prescription drug for his anxiety. Id., at 721. Courts have repeatedly held that the suffering must be extreme or utterly intolerable in a civilized society.

> "[I]n order to prevent the tort of outrage from becoming a panacea for all of life's ills, recovery must be limited to distress that is severe." In other words, the distress must be of such a character that "no reasonable person could be expected to endure it." Such distress is often accompanied by "shock, illness, or other bodily harm," but bodily harm is not a prerequisite for demonstrating severe emotional distress.

Daemi v. Church's Fried Chicken, Inc., 931 F.2d 1379, 1389 (10th Cir. 1991) (internal citations omitted). Plaintiff has pleaded no facts supporting this level of distress. Thus, even if there were some factual support showing Defendant's action caused Plaintiff distress, the claim would still fail as Plaintiff has failed to plead facts demonstrating that distress rose to the level of severity necessary to be actionable.

Plaintiff requests leave to amend in the event the Court is inclined to grant Defendant's Motion. In support, Plaintiff notes that discovery has just begun, and he may learn of additional facts to support his claim. Even assuming additional discovery could shed additional light on Defendant's conduct and push that conduct to the extreme range, Plaintiff's claim still fails to demonstrate severe emotional distress. Certainly, the facts necessary to meet that element are currently in Plaintiff's possession, yet he has failed to plead them in his Petition or offer them in his Response. The Court is therefore left to conclude there are no supporting facts. Accordingly, Plaintiff's IIED claim will be dismissed without leave to amend.

4

For the reasons stated herein, Defendant's Motion for Partial Judgment on the Pleadings (Dkt. No. 13) is GRANTED.  Plaintiff's claim for intentional infliction of emotional distress is DISMISSED with prejudice.

IT IS SO ORDERED this 4th day of August, 2020.

ROBIN J. CAUTHRON
United States District Judge